### STATE v. LUCIAN THOMAS AND THOMAS COLE, JR.

(Filed 19 March, 1947.)

APPEAL by defendants from *Burney, J.,* at October Term, 1946, of LEE.

Criminal prosecutions upon separate bills of indictment charging each defendant (1) with the larceny of $850.00 in cash, the property of one John C. Edwards, and (2) with feloniously receiving said sum of money, well knowing it to have been feloniously stolen, taken and carried away, —both contrary to the form of the statute, etc., consolidated for the purpose of trial.

Verdict: As to each defendant: "Guilty of larceny and recommend the mercy of the court."

Judgment: As to each defendant: Confinement in the State's Prison for not less than three years nor more than five years,—"the money in evidence to be returned to J. C. Edwards."

Defendants respectively appeal to Supreme Court and assign error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*D. E. McIver, Jeff D. Johnson, Jr., and Gavin, Jackson & Gavin for defendants, appellants.*

WINBORNE, J. By means of numerous exceptions directed to the admission of evidence in certain instances, to the rejection of evidence in others, to the refusal to grant motions for judgment as of nonsuit, to various portions of the charge as given by the court, and to the failure

of the court to charge as required by law, the defendants painstakingly direct an extensive and exhaustive search for error. However, after scanning every part of the record of the trial to which the exceptions relate, we are unable to find any prejudicial error. There is evidence, both direct and circumstantial, tending to support the charge of larceny and to connect the defendants with it, either as principals or as aiders and abettors. The case appears to have been tried and presented to the jury in substantial accord with well settled principles of law. And it does not appear that any request was made for more elaborate instruction. Hence, a discussion of the exceptions *seriatim* would serve no useful purpose.

In the judgment below, we find

No error.